Augusta B. SMITH, Administratrix of the Estate of Raymond S. Smith, Deceased, Appellant,

v.

George C. SUMMY, Sr. and George C. Summy, Jr., Appellees.

No. 45855.

Supreme Court of Oklahoma.

Sept. 18, 1973.

Monnet, Hayes, Bullis, Grubb, Thompson & Edwards, Oklahoma City, and Benedum, Haas & Benedum, Norman, by John T. Edwards, Oklahoma City, for appellant.

Eugene P. Ledbetter, Jr., Oklahoma City, for appellees.

WILLIAMS, Vice Chief Justice.

This appeal concerns the construction of 36 O.S.1971, § 1403B. It is from an order of the trial court sustaining defendants' general demurrer to plaintiff's petition and dismissing her cause of action.

Plaintiff is the widow of Raymond S. Smith, deceased, and the administratrix of his estate. The allegations of her petition, which are taken as true for purposes of

the demurrer, may be summarized as follows:

During his lifetime, Smith was an insurance broker, and both defendants are insurance agents, all duly licensed as such by the State of Oklahoma. In 1961, defendants were attempting to sell a pension, profit-sharing and life insurance plan to a Norman business firm, for its employees. They engaged Smith to help in this endeavor and, under a written memorandum agreement signed by all parties, agreed to pay him one-third of all commissions which would result if the plan were adopted by the business firm. The agreement was approved by an official of the insurance company concerned. It provided that Smith and the defendants " * * * are to share equally in first year commissions and all renewals on policies written as of July 1, 1961, or thereafter". It also provided that "For further clarification this will also include employees not now covered but who will eventually qualify under the plan for policies to be issued under the plan".

Negotiations were successful and the Norman business firm approved and adopted the plan. At that time, all of Smith's obligations under the agreement with defendants were fully performed and executed. During the balance of Smith's lifetime defendants paid him in accordance with their agreement, and after his death they continued to pay to plaintiff, as the administratrix of his estate, one-third of all renewal commissions on policies that were issued during Smith's lifetime. They have refused, however, to pay her any portion of the commissions attributable to new employees joining the Norman firm since Smith's death. Plaintiff, as administratrix, asked for an accounting and a judgment for the amounts unpaid.

The arguments of all parties concerned, and the trial court's order sustaining defendants' general demurrer to the petition was apparently based upon a conclusion that payments to the administratrix for "new" business was prohibited by 36 O.S. 1971, § 1403B, which is as follows:

"No insurer or licensed insurance agent doing business in this state, shall pay directly or indirectly any commission, or other valuable consideration to any person *for services as an agent* within this state, unless such person holds a currently valid license to act as an agent; nor shall any person, other than a duly licensed agent, accept any such commission or other valuable consideration. This section shall not prevent the payment or receipt of renewal or other deferred commissions to or by any person solely because such person has ceased to hold a license to act as an agent." (Emphasis added).

This section is not applicable in the situation described in the petition of plaintiff, since she is clearly not seeking to collect a commission for her services as an agent. To the contrary, she is seeking to collect for services rendered by her husband at a time when he was a licensed insurance broker under a contract which was, as to·him, fully executed in 1961.

 We think the obvious purpose of § 1403B is to protect the public from the efforts of unlicensed, and therefore presumptively unqualified, persons to engage in the insurance business. This purpose would not be served by preventing Smith's widow, as the administratrix of his estate, from collecting for services fully and completely rendered by Smith as a licensed insurance broker in 1961. It cannot be said that in collecting for her husband's past services, she would be engaging in the insurance business in any manner.

The intention of the legislature to permit pay for services already rendered is evidenced by the second sentence of § 1403B. Defendants apparently justified their continued payment of Smith's share of the renewal premiums to plaintiff under that sentence.

 In the answer brief, defendants argue that "This contract requiring the

performance of personal acts of the parties would not survive the death of a party", citing 17 Am.Jur.2d Contracts, § 413, to the effect the parties may expressly "exclude substituted performance", and that even without such a provision, the death of a party will excuse subsequent performance if the acts "agreed to be done" are of a personal nature. However, under the allegations of the petition, Smith's performance was complete and executed before his death and no "substituted performance" by his personal representative is required. This rule is therefore no bar to plaintiff's recovery in this case.

The order sustaining the demurrer and dismissing the action is therefore reversed and the cause is remanded to the trial court for such further proceedings as may be required under the circumstances.

All the Justices concur.